Irving A. **GELB**, Plaintiff–Appellant,

v.

**BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Weyman A. Carey, Commissioner, Michael J. Cilmi, Commissioner, Terrance C. O'Conner, Commissioner, Ronald J. D'Angelo, Commissioner, Douglas A. Kellner, Commissioner, Crystal N. Paris, Commissioner, Gertrude Strohm, Commissioner, Frederic M. Umane, Commissioner, Vincent J. Velella, Commissioner, Stephen H. Weiner, Commissioner, and Board of Elections of the State of New York, Neil W. Kelleher, Commissioner, Carol Berman, Commissioner, Evelyn J. Aquila, Commissioner, Helen Moses Donohue, Commissioner, Defendants–Appellees.**

**Docket No. 05–1269–CV.**

United States Court of Appeals,
Second Circuit.

Sept. 29, 2005.

Irving A. Gelb, Bronx, New York, for Plaintiff–Appellant, pro se.

Julie Steiner, Senior Counsel, Appeals Division, The City of New York Law Department, New York, New York, for Defendants–Appellees Board of Elections of the City of New York and Its Commissioners.

Todd D. Valentine, Special Counsel, New York State Board of Elections, Albany, New York, for Defendants–Appellees Board of Elections of the State of New York and Its Commissioners.

Present: MINER, WESLEY, Circuit Judges, and RAKOFF, District Judge.[1]

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff brings this § 1983 action alleging that defendants, Board of Elections of the City of New York ("City Board"), Board of Elections of the State of New York ("State Board"), individual commissioners of the City Board ("City Commissioners"), and individual commissioners of the State Board ("State Commissioners"), violated the Equal Protection and Due Process Clauses of the United States Constitution and committed fraud and *ultra vires* acts under New York state law. Plaintiff alleges that defendants committed these violations by denying him and other similarly situated voters the legal right to cast a write-in vote during the 2000 Democratic Primary for United States Senator and by failing to provide information and instructions on write-in voting. Plaintiff also requests a mandatory injunction on the basis that defendants violated the Equal Protection Clause by failing to count write-in votes "at the polls" at the same time as other votes. The district court, adopting the recommendation of the magistrate judge, granted summary judgment for defendants and denied plaintiff's motion for a mandatory injunction. After conducting *de novo* review, we now affirm the district court's grant of summary judgment for defendants and its denial of injunctive relief.

"Uneven or erroneous application of an otherwise valid statute constitutes a denial of equal protection only if it represents 'intentional or purposeful discrimination.'" *Powell v. Power*, 436 F.2d 84, 88 (2d Cir.1970) (quoting *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944)). The "determinative threshold question" is thus whether the actions of City Board and its Commissioners were "intentional." *Shannon v. Jacobowitz*, 394 F.3d 90, 93 (2d Cir.2005). Plaintiff asserts that City Board's delay in changing its legal position on write-in voting constitutes a "willful and deliberate choice" to deny plaintiff his right to seek public office and his right to cast a write-in vote. However, while plaintiff has established that City Board deliberately chose to maintain its erroneous interpretation, plaintiff cannot establish that defendants intentionally chose this erroneous interpretation *for the purpose of discriminating against write-in voters*. Plaintiff's claim

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

for injunctive relief must also fail because, without demonstrating intentional discrimination, plaintiff has failed to make "a clear showing that the moving party is entitled to the relief requested." *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 34 (2d Cir.1995).

■ Similarly, "the due process clause is implicated by intentional state action." *Shannon,* 394 F.3d at 97 (citing *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). "[T]he due process clause . . . offer[s] no guarantee against errors in the administration of an election." *Powell,* 436 F.2d at 88. Plaintiff asserts that "City Commissioners deliberately denied to me and to other [D]emocratic voters our legal right to vote by write-in." However, as the magistrate judge pointed out, "although the Board of Elections' interpretation of New York Election Law was erroneous, it was rational, and clearly not arrived at with the intent to deprive any one person of the right to vote." Consequently, plaintiff's due process claims against City Board and its Commissioners must also fail.

■ In concluding that the actions of City Board and its Commissioners did not violate the Equal Protection or Due Process Clauses, it follows that the inaction of State Board and its Commissioners, in supervising their conduct, also did not violate these constitutional provisions. *See Bass v. Jackson,* 790 F.2d 260, 263 (2d Cir.1986) (affirming dismissal of § 1983 claim despite "allegation of deliberate indifference" because *pro se* plaintiff "does not connect the failure to [act] to any of the . . . defendants"). "Because the states traditionally have authority over their own elections and because the Constitution contemplates

that authority, courts have long recognized that not every state election dispute implicates federal constitutional rights." *Shannon,* 394 F.3d at 94 (internal quotations omitted).[2]

■ Finally, we decline to exercise supplemental jurisdiction over plaintiff's fraud and *ultra vires* claims because all of plaintiff's federal claims have been dismissed. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 305 (2d Cir.2003) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). "Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Castellano v. Bd. of Trs. of the Police Officers' Variable Supplements Fund,* 937 F.2d 752, 758 (2d Cir.1991) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

2.  Moreover, as plaintiff concedes in his reply brief, his claims against State Board for monetary damages are barred under the Eleventh Amendment. *See Feingold v. New York,* 366 F.3d 138, 149 (2d Cir.2004).